IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

STEFANI DREW,

    Plaintiff,

vs.

MICHAEL WILLIAMS, AND WYUKA CEMETARY, INC.,

    Defendants.

4:14CV3239

**ORDER**

  This matter is before the court on Defendant's Motion to Compel. ([Filing No. 27](#)). For the following reasons the motion to compel will be granted.

  Plaintiff Stefani Drew filed a complaint alleging violations of the Nebraska Fair Employment Practice Act and Title VII of the Civil Rights Act against her former employers Michael Williams and Wyuka Cemetery. ([Filing No. 1 at CM/ECF p. 4](#)). In March of 2016, the defendant issued a subpoena *duces tecum* to the Department of Health and Human Services ("DHHS") pursuant to Nebraska Court Rules of Civil Discovery § 6-334.[1] The subpoena requests "[t]rue, correct, and complete copies of all employment records of any kind, including, but not limited to the personnel file, wage information, payroll documentation, medical records or other documentary material of any kind relating in any way to the employment of [plaintiff]." ([Filing No. 28 at CM/ECF p. 3](#)). The defendant contacted the plaintiff prior to serving the subpoena and the plaintiff did not object to the defendant's request. ([Filing No. 28 at CM/ECF p. 4](#)). On March 8, 2013, the DHHS wrote a letter to defense counsel objecting to the subpoena in accordance with Neb. Ct. R. Disc. § 6-334(A)(c)(2)(B). ([Filing No. 28 at CM/ECF p. 6](#)).

---

[1] The court notes this case was removed from state court and as such, Federal Procedural Rules apply and should utilized. See [Fed. R. Civ. P. 81](#).

In response, Defendant filed the current motion requesting the court order the DHHS to produce the subpoenaed documents. ([Filing No. 27](#)).

## ANALYSIS

Nebraska Court Rule of Civil Discovery § 6-334(A)(c)(2)(B) permits a person or entity served with a subpoena to "serve upon the party for whom the subpoena was issued a written objection to production of any or all of the designated materials," within 10 days of its receipt. § 6-334(A)(c)(2)(B). In response to the objection "the party for whom the subpoena was issued may, upon notice to all other parties and the person served with the subpoena, move at any time . . . for an order to compel compliance with the subpoena." Id. "If objection is made, the party for whom the subpoena was issued shall not be entitled to production of the materials or entry upon premises except pursuant to an order of the court." Id.

After receiving notice of the DHHS' objection, the defendant responded by filing a Motion to Compel and provided copies to counsel for DHHS. ([Filing No. 27](#)). Typically, unemployment information and records are relevant to claims of wrongful termination and are proper discovery requests. See [Moss v. Putnam County Hosp., 860 F. Supp. 2d 659, 660 (S.D. Ind. 2011).](#) And the plaintiff in this matter, whose records are being sought, did not file an objection to the subpoena and disclosure of her information.

Under § 6-334, the documents may be disclosed pursuant to a court order. The court finds that disclosure of the documents sought from DHHS is authorized by law and the requests are relevant to the current action. As a result, this court will order DHHS to produce the records sought pursuant to the subpoena.

Accordingly, IT IS HEREBY ORDERED

1) Defendant's motion to compel, ([filing no. 27](#)), is granted.

2) Defendant is to serve notice of this order to counsel for The Department of Health and Human Services.

3) The Department of Health and Human Services shall produce the records sought pursuant to the March subpoena to the Defendants as outlined in the subpoena within 30 days of this order.

Dated this 29th day of March, 2016

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge
